HENRY B. NEWHALL vs. JOHN HAMILTON & another.

Suffolk. March 8. — 9, 1880. ENDICOTT & SOULE, JJ., absent.

In an action for goods sold and delivered, the plaintiff's evidence tended to show that his agent offered to sell to the defendant goods to be used in rigging his vessel; that the defendant agreed to take the goods, if a third person, who was doing the work on the vessel, approved of the order; that he did approve; that the agent thereupon wrote the name of the third person on the order; and the goods were delivered and used on the vessel. *Held*, that the agent might be asked whether he wrote the name of the third person on the order at his request and direction.

CONTRACT on an account annexed, against the owners of the schooner Belle A. Keyes, for goods sold and delivered. Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows: .

The plaintiff, who did business in New York, put in evidence tending to show that a salesman of his agent in Boston applied to the defendant Hamilton for an order for some blocks to be used in rigging the defendants' schooner, and was referred by him to the other defendant for the sizes required; that he afterwards brought Hamilton a list of the blocks, with the price, and Hamilton told him he might have the order if John H. Keyes approved it; that Keyes did approve it, and the salesman wrote over the list, in pencil, the words " Belle A. Keyes and owners. John H. Keyes," and handed it to the plaintiff's agent, who forwarded it to the plaintiff, who thereupon sent on the blocks in two barrels marked " John H. Keyes; " that Keyes received the blocks, the defendants giving him the money to pay freight on them, and afterwards took them to the schooner. There was no evidence that the defendants had seen the words written in pencil on the list. The plaintiff asked the salesman if he did not write the words in pencil at the request and by the direction of Keyes. The judge, against the defendants' objection, allowed the question to be put; and the witness answered that he did.

The defendants denied making any agreement with the salesman; and put in evidence tending to show that, before the sale of the blocks, they had made an agreement with Keyes by which they were to sell him one quarter part of the schooner, he to pay for the same by performing labor and furnishing the blocks

required in rigging the vessel, and other materials; that, a month or more after the sale of the blocks, one quarter part of the vessel was registered in the name of the wife of Keyes, and she gave the defendants a mortgage on her quarter part of the vessel; that, in estimating the amount of the mortgage, Keyes was allowed by the defendants for the blocks as purchased by him; (but Keyes testified that he had no knowledge of this circumstance;) that, on referring the salesman to Keyes, they told him that Keyes was to furnish the blocks, and that they would not be responsible.  There was no evidence that Keyes was authorized to contract on behalf of the defendants.

*J. D. Thomson*, for the defendants.

*W. W. Dodge*, for the plaintiff.

BY THE COURT.  The evidence that the names of the vessel and of Keyes were written upon the list of goods by the salesman at the request and by the direction of Keyes was competent as part of the transaction, and to show the approval of Keyes in accordance with the agreement between the parties which the other evidence for the plaintiff tended to prove.

*Exceptions overruled.*